Court of Appeals for Hamilton County.

FRANK BOGGS v. J. WILLARD HALEY ET AL.*

Decided, February 14, 1914.

*Weight of the Evidence Presented Determines the Case—Absence of Important Evidence Can Not be Considered.*

A court is bound by the evidence adduced at the trial and must give judgment accordingly, notwithstanding it regards with suspicion the failure to offer in evidence papers and documents having an important bearing on the issue joined and which were before the same court in a former case.

*Clore, Dickerson & Clayton,* for appellants.
*Kramer & Bettman* and *Jos. A. Keadin,* contra.

BY THE COURT.

This is an action heard by this court on appeal, in which plaintiff sought to recover money which he had been induced through alleged fraud to invest with defendant in a chemical business.

---

*Affirmed by the Supreme Court without opinion, May 4, 1915.

Plaintiff's petition alleges that he had paid $2,500 for a half interest in this business and was to be employed by the company which was carrying it on, in a position, for $150 per month; that he gave up his former employment and received pay from the company for six months, when he was told that the business was not sufficiently profitable to continue him and he was forced to withdraw; that he had been given 35 shares of stock in the company, which, he alleged, was not a corporation in fact but was simply a device that had been adpoted by defendant to use as a means of fraud in obtaining plaintiff's money, and that the stock was therefore of no value; that not having received any dividends on this stock for three years, and relying upon representations of defendants that the business was not earning anything, he was induced to take $500 for his stock. Plaintiff alleged that the business had in fact been profitable, that there was no corporation in existence, and prayed in the alternative that if the court find that there was a corporation his rights in the same should be reinstated, and if it should find that there was not a corporation that the money out of which he had been defrauded might be returned to him.

Before the introduction of any testimony, counsel for the defendant made an offer to retransfer to plaintiff the 35 shares of stock in said corporation, which had been originally issued to the plaintiff and had then afterwards been sold and transferred by him to the defendant, upon the return of the $500 which had been paid by defendant to plaintiff for such stock. The plaintiff upon the making of such offer in open court declined to accept the same and refused to return the $500. It thereupon became incumbent upon the plaintiff to show the nonexistense of the corporation. This he was unable to do by the evidence submitted.

While the court might view with suspicion defendant's explanation of his inability to produce certain papers and documents belonging to said corporation, which had been used in evidence in the trial of another suit before this court with reference to the same corporation, still this court is bound by the evidence adduced at this trial, and must therefore find that plaintiff has failed to make out his case by the proof, and his petition is therefore dismissed.